**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAURA G. REEVES,<br>        Appellant, | DOCKET NUMBER<br>DA-0752-12-0048-X-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: March 15, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura G. Reeves, Athens, Texas, pro se.

Patrick A. Keen, Shreveport, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1        On August 24, 2017, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the administrative judge's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

March 15, 2012 initial decision, which dismissed the appellant's removal appeal based on a settlement agreement. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2 The agency removed the appellant effective October 9, 2011, and she filed a timely appeal with the Board. *Reeves v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-12-0048-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID) at 2. During the pendency of her appeal, the appellant and the agency entered into a settlement agreement which provided, in relevant part, that the agency would cancel the removal action; replace the Standard Form (SF) 50 in the appellant's Official Personnel File (OPF) showing that the appellant was removed with an SF-50 showing that she resigned; expunge all traces of the removal action from her OPF; pay the appellant $75,000; and pay the appellant's attorney $17,000. CID at 2; *Reeves v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-12-0048-I-1, Initial Appeal File (IAF), Tab 11. The administrative judge entered the settlement agreement into the record for enforcement purposes and dismissed the appeal. IAF, Tab 12, Initial Decision. The initial decision became the final decision of the Board after neither party petitioned for review.

¶3 On June 22, 2017, the appellant filed a petition for enforcement of the settlement agreement and the March 15, 2012 decision, asserting that the agency had failed to remove from her OPF the SF-50 showing the removal action and failed to substitute an SF-50 showing that she resigned. CF, Tab 1 at 3, Tab 6 at 1. On August 24, 2017, the administrative judge issued a compliance initial decision finding that the agency had breached the settlement agreement by failing to expunge references to the removal from the appellant's OPF and failing to replace the removal SF-50 with an SF-50 showing that the appellant had resigned. CID at 4. The administrative judge ordered the agency to "ensure that the

appellant's official personnel file reflects a resignation and is purged of all reference to the removal action and provide an SF-50 reflecting the removal[3] to the appellant and to the Board." *Id.* The administrative judge further ordered the appellant to inform the Board whether she sought specific performance of the settlement agreement or complete rescission of the agreement. CID at 4-5. The administrative judge informed the appellant that if she sought rescission, she would be required to repay any funds disbursed pursuant to the settlement agreement (i.e., the $75,000 payment to her and the $17,000 payment to her attorney). Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Reeves v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-12-0048-X-1, Compliance Referral File (CRF), Tab 2.

¶4      On September 6, 2017, the appellant filed a pleading titled "Proposal for Settlement and Request for Specific Performance." CRF, Tab 1. Thereafter, the appellant filed four submissions which, like her September 6, 2017 filing, stated that the agency had failed to comply with the settlement agreement and sought specific performance of the settlement agreement, but also appeared to seek to renegotiate the settlement agreement by proposing new terms (including restoration to duty, payment of back pay, and payment of additional funds beyond those specified in the settlement agreement). CRF, Tab 3 at 3,[4] Tab 6 at 3-4, Tab 7 at 3, Tab 10 at 13-14, 37-38. The appellant also contended that the agency

---

[3] We believe the instruction to provide an SF-50 reflecting a *removal* is a typographical error. In context, it is clear that the administrative judge intended to require an SF-50 reflecting the appellant's *resignation*, and it is clear that the parties interpreted the instruction consistent with its intent rather than its literal language.

[4] The appellant also filed an additional pleading which appears to be an exact duplicate of Tab 3. CRF, Tab 4.

had not complied with the original settlement agreement "in whole" because its compliance evidence addressed only the resignation issue, and not whether it had paid her the funds specified in the agreement. CRF, Tab 6 at 4.

¶5      On October 12, 2017, the agency submitted a pleading purporting to show compliance with the instructions set forth in the compliance initial decision. CRF, Tab 5 at 4-7.

## ANALYSIS

¶6      A settlement agreement is a contract, and the appellant, as the non-breaching party, bears the burden to prove "material noncompliance" with a term of the contract. *Lutz v. U.S. Postal Services*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). The agency must produce relevant and material evidence of its compliance with the agreement. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶7 (2008). Upon proving a material breach of the contract, the appellant may choose between specific performance or rescission of the settlement agreement. *Sanchez v. Department of Homeland Security*, 110 M.S.P.R. 573, ¶7 (2009); *Powell v. Department of Commerce*, 98 M.S.P.R. 398, ¶14 (2005).

¶7      As a preliminary matter, although the appellant's submissions attempt to impose new financial and equitable obligations on the agency, it does not appear that she is challenging the administrative judge's compliance initial decision because she has requested specific performance of the original settlement agreement. *E.g.*, CFR, Tab 1 at 4, Tab 3 at 3, Tab 6 at 4. In view of this request, and because the appellant has no basis or authority to impose additional obligations on the agency beyond those established in the existing settlement agreement, we decline to enter the appellant's new "terms" into the record for enforcement. Rather, we now proceed to determine whether the agency's pleading establishes compliance with the existing settlement agreement.

¶8      In the compliance initial decision, the administrative judge ordered the agency to submit evidence that it had replaced the removal SF-50 with an SF-50

showing that the appellant had resigned and to expunge all references to the removal from the appellant's OPF. CID at 4. The agency's October 12, 2017 submission states that "as of August 17th[, 2017], the resignation had been removed from appellant's personnel file." CRF, Tab 5 at 4. The agency did not include a sworn affidavit or declaration attesting to this claim, but the agency submitted such an affidavit during the compliance proceeding before the administrative judge. CF, Tab 7 at 9 (attesting that the electronic OPF had been "recoded" to reflect resignation rather than termination).[5] In addition, the agency submitted a copy of an SF-50 showing that the appellant had resigned, which it stated had been placed in her personnel file. *Id.* at 5, 6.

¶9    In her submissions responding to the agency's evidence, the appellant did not challenge the agency's evidence regarding the resignation issue. Instead, she claimed that the agency remained noncompliant with the settlement agreement because it "only discussed the resignation, not the agreement as a whole." *E.g.*, CRF, Tab 6 at 4.[6] But the resignation issue was the sole claim raised by the appellant in her petition for enforcement. CF, Tab 1 at 3, Tab 4 at 3, Tab 6 at 1. If the appellant now wishes to challenge other aspects of the agency's compliance with the agreement, such as its payments to her or to her attorney, she must file a new enforcement proceeding with the appropriate regional office.

¶10    We find that the agency has submitted evidence of compliance which the appellant has failed to rebut. We therefore find the agency in compliance with the settlement agreement and the final order in the underlying case, and DISMISS

---

[5] It appears that the administrative judge did not consider this evidence, possibly because it was submitted after the record closed and, indeed, was submitted on the same day the compliance initial decision was issued. *See* CF, Tab 6 at 2 (the record closed on August 18, 2017); CID (Aug. 24, 2017).

[6] In her May 2, 2019 submission, the appellant claimed that the agency "has not complied with any of the Judges[sic] orders." CRF, Tab 7 at 3. But the appellant offered no specific information to rebut the agency's evidence of compliance and, as discussed above, her previous submission appeared to concede that the agency had complied.

the petition for enforcement. We DENY the appellant's other non-substantive submissions, such as her request that the petition for enforcement be transferred to a federal court for resolution. CRF, Tab 11. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.